[Civ. No. 8122. Third Dist., Nov. 13, 1951.]

J. R. MASON, Petitioner, v. AMY G. LANE, as Treasurer, etc., Respondent.

J. R. Mason, in pro. per., for Petitioner.

Duard F. Geis for Respondent.

VAN DYKE, J.—Petitioner filed in the Supreme Court his petition for a writ of mandate directed to respondent, Amy G. Lane, as Treasurer of Glenn-Colusa Irrigation District. The matter was transferred to this court. The petition alleges that the Glenn-Colusa Irrigation District is an irrigation district formed under the laws of this state and that, under date of October 1, 1920, it issued its general obligation bonds in the amount of $2,587,000; that petitioner is the owner and holder of legal title to three of said bonds maturing January 2, 1934; that on that date petitioner presented his bonds to respondent who then failed, as treasurer of the district, to pay the same, whereupon the bonds were registered by the treasurer as required by law; that thereafter respondent persisted and continues to persist in unlawfully disbursing funds of the district to owners of subsequently maturing bonds, while refusing any payment of petitioner's bonds. Petitioner asked a writ of mandate commanding respondent to cease and refrain from paying any due or past due principal or interest to any holder of the district's bonds contrary to the order of maturity and presentation prescribed and required by law. In view of these allegations this court issued its alternative writ of mandate, to which respondent had made answer, alleging the following matters, the truth of which is not disputed: That in a proceeding brought in the District Court of the United States, for the Northern District of California, Southern Division, entitled "In the Matter of Glenn-Colusa Irrigation District, Debtor (in Bankruptcy No. 29763-G)," in which proceeding petitioner appeared, there was presented to said district court a petition for confirmation of a plan of composition of the bonded indebtedness of the district, consisting of the same issue of bonds referred to in the petition herein; that said proceeding was brought pursuant to chapter IX of the Uniform Bankruptcy Laws of the United States as revised by Act of Congress approved June 22, 1938; that the said court proceeded to hear said petition and plan of composition and after due proceedings to that end entered its interlocutory decree confirming the plan of composition; that it was therein adjudged that the petitioner district was insolvent and was unable to meet its debts, and that the plan of composition as offered by it was fair, equitable and for the best interests of its creditors and that all other conditions existed warranting the approval thereof. It was therefore decreed that the plan of composition

be approved and confirmed; that all of the outstanding bonds of the district, including those referred to in the petition in this court, be allowed as obligations of the petitioner and that the several holders thereof be permitted to participate ratably in the distribution of funds in accordance with said plan. The district was authorized to issue and sell refunding bonds to the Reconstruction Finance Corporation to obtain funds wherewith to meet the demands of the plan and the district was ordered to deposit with the court's disbursing agent the sums necessary to pay the holders of its outstanding bonds the respective amounts to be paid under the plan of composition. Notice was ordered given, directing every holder of said outstanding bonds to deposit the same with the disbursing agent or with the clerk of the court for payment in accordance with the plan and decree or be forever barred from claiming and asserting as against the district or any individually-owned property located therein any claim or lien arising out of said bonds. This interlocutory decree was entered April 13, 1940, and various bondholders, including petitioner herein, participated in taking an appeal therefrom, which appeal later was dismissed by the Circuit Court of Appeals to which the same was taken. On March 1, 1945, a final decree was entered by the district court which recited compliance by the district with the conditions of the interlocutory decree; found that only 14 old bonds of the district in the total principal amount of $13,100 were still outstanding and that the amount on deposit with the clerk of the court as registrar was sufficient to pay said bonds as provided in the interlocutory decree. It was therefore decreed that the district be fully discharged from all debts and liabilities dealt with in said plan and that said plan was binding upon all creditors affected by it.

Chapter IX of the Bankruptcy Act above referred to and under which the foregoing proceedings were taken was enacted by the Congress so as to provide a plan for the composition of the indebtedness of taxing agencies or instrumentalities throughout the nation which were insolvent, a condition which, when the legislation was passed, afflicted thousands of such agencies. The constitutionality of the legislation was upheld by the Supreme Court of the United States in the case of *United States* v. *Bekins,* 304 U.S. 27-54 [58 S.Ct. 811, 82 L.Ed. 1137].

By virtue of the proceedings taken as hereinabove recited, the Glenn-Colusa Irrigation District has been discharged from all liability to petitioner here in respect of the bonds referred

to in his petition and it results that the respondent treasurer of the district violates no law in refusing to make payment of any funds of the district to the petitioner upon the obligation of the district formerly evidenced by his bonds. ■ The only right remaining to petitioner in respect thereof is to present them to the Clerk of the United States District Court in accordance wih the interlocutory and final decrees referred to. The writ is discharged.

Peek, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied November 30, 1951, and petitioner's application for a hearing by the Supreme Court was denied January 10, 1952. Carter, J., did not participate therein.